

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1458-09

**TAWIN SPENCE, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH COURT OF APPEALS
## LUBBOCK COUNTY

COCHRAN, J., delivered the opinion of the Court, in which KELLER, P.J., PRICE, WOMACK, JOHNSON, KEASLER, and HOLCOMB, JJ., joined. MEYERS, J., filed a dissenting opinion in which HERVEY, J., joined.

## OPINION

We granted review to resolve a conflict between courts of appeals regarding whether a license plate must be displayed at the front (e.g., the front bumper) of a car or whether it is sufficient to be displayed somewhere else, such as inside the front windshield.[1] In this

---

[1] Appellant's grounds for review read as follows:

1. Does the Amarillo Court of Appeals' decision in the petitioner's case conflict

case, the Amarillo Court of Appeals held that the front license plate must be displayed at the foremost area of the car.[2]  The Austin Court of Appeals, in *State v. Losoya*, held that the Texas Transportation Code does not require the display of a license plate on the front bumper.[3]  We conclude that the plain language of Texas Transportation Code § 502.404(a) requires that a license plate be displayed at the foremost part or front of a vehicle, most commonly the front bumper.  We also hold that the trial court did not err in declining to give an Article 38.23 jury instruction because there was no factual dispute for the jury to resolve; the requirement for the proper location of a license plate is a question of law, not fact.  We therefore affirm the judgment of the court of appeals.

## I.

**A.    Background Facts.**

Appellant was charged with possession of cocaine that Lubbock Police Officer Shane

---

with the Austin Court of Appeals' decision in *State v. Losoya* concerning the same issue, to wit: the legally permissible location to display a vehicle's license plate?

2.    Has the Amarillo Court of Appeals decided an important question of state law concerning the legislative intent of the term "front" and the permissible location of a vehicle's license plate as provided by Section 502.404(a) of the Texas Transportation Code, which has not, but should be, settled by the Court of Criminal Appeals?

3.    Has the Amarillo Court of Appeals departed from the usual course of judicial review where it has not addressed or rendered an opinion on petitioner's original complaint on appeal, to wit: the trial court's error in failing to give 38.23 instructions in the charge?

[2] *Spence v. State*, 296 S.W.3d 315 (Tex. App.—Amarillo 2009).

[3] 128 S.W.3d 413 (Tex. App.—Austin 2004, pet. ref'd); *see also United States v. Salinas,* 665 F. Supp.2d 717, 726 (W.D. Tex. 2009) (following *Losoya*).

Bledsoe found during a pat-down search for weapons after he stopped appellant for traffic violations.

Around 1:00 a.m. on September 23, 2006, Officer Bledsoe saw a Chevrolet Impala with "blue sparkle paint with white racing stripes and large wheels" parked in the driveway of a known drug house. The officer circled the block, and, as he approached the house a second time, he saw the Impala backing out. As Officer Bledsoe drove past the Impala, he saw that there was no front license plate on it. The Impala "had a silver chrome looking decorative plate on the front, it didn't have a license plate on the front." The officer testified that he pulled appellant over for the license plate violation and for illegally parking in the driveway by blocking the sidewalk.

Officer Bledsoe said that, as he "approached the vehicle, [he] observed the [license] plate sitting in the windshield." Before the officer could explain the reason for the traffic stop, appellant told Officer Bledsoe that "he already knew why, for the license plate, and advised me that he . . . had just gotten a ticket . . . for the same violation." Because appellant could not produce a driver's license, Officer Bledsoe asked him to step out of the car while he checked appellant's license for warrants. While doing a routine pat-down search, the officer felt a bulge, which he believed to be drugs, in the space between appellant's crotch and belt. He placed appellant in the back of his patrol car and recovered the baggie of cocaine after a backup officer arrived.[4]

---

[4] The baggie contained 233.4 grams of cocaine. Appellant also had $1,400.00 in cash.

Appellant testified at trial and disputed the vehicle violations. Appellant denied parking on the sidewalk and explained that "my car was parked right behind [the homeowner's car], so there would be no reason for me to be out here where I would have to obstruct the sidewalk in any kind of way." Appellant stated that his front license plate was "all the way up in front of the front windshield" and, in his opinion, it was very visible from the street. He also confirmed his initial conversation with Officer Bledsoe. "As soon as he had came to the car, I told him–because I thought that's what he had pulled me over for, for the license plates . . . I let him know. . . the license plate is right here . . . up in the window."

At the close of evidence, appellant's counsel objected to the jury charge and provided two proposed instructions: First, he requested that the jury be instructed that "it is not a violation of [Section 502.404(a)] of the Transportation Code to have a front license plate in the front windshield." Second, he requested an article 38.23 jury instruction on Transportation Code § 545.302[5] because of the factual dispute of whether appellant was parked on the sidewalk. The trial judge denied both requests, reasoning that "if there's more than one reason for a stop, and the Court concludes that there is no legal dispute as to that stop, then there should not be a 38.23 issue submitted."[6]

---

[5] Section 545.302(a)(2) provides in relevant part that: "An operator may not stop, stand, or park a vehicle . . . on a sidewalk."

[6] The trial judge perhaps meant "no factual dispute" rather than "no legal dispute." *See Madden v. State*, 242 S.W.3d 504, 510-11 & n.15 (Art. 38.23 requires a jury instruction only if there is a genuine dispute about a material fact that is essential to the existence of reasonable suspicion or probable cause).

The jury found appellant guilty of possession with intent to deliver a controlled substance weighing between 200 and 400 grams. Appellant pled true to a previous drug conviction, and the trial judge sentenced him to 60 years in prison.

**B.     The Court of Appeals Decision.**

On appeal, appellant argued that the trial court erred in denying his article 38.23 jury instruction. Relying on *State v. Losoya,*[7] he argued that, by testifying at trial that his license plate was clearly visible through the windshield, he raised a disputed fact issue entitling him to the 38.23 instruction. In *Losoya*, the Austin court held that wedging a license plate between the dashboard and the windshield "is not inconsistent with the language or purpose of" Section 502.404(a).[8] Appellant also argued that his trial testimony raised a disputed fact issue regarding whether he had parked on the sidewalk. In either case, if the jury credited his testimony, it should have been instructed to disregard the evidence of cocaine.

The Amarillo Court of Appeals held that Texas Transportation Code Section 502.404(a) requires that the front license plate be affixed "where the car begins, *i.e.,* the foremost area of the vehicle."[9] Because appellant's front license plate was not so located, "the officer was not required to find some other reason to detain him after discovering the

---

[7] 128 S.W.3d 413 (Tex. App.—Austin 2004, pet. ref'd).

[8] *Id.* at 416.

[9] *Spence*, 296 S.W.3d at 318.

plate's location. Nor was the trial court obligated to instruct the jury otherwise."[10] The Court

of Appeals noted that, while there was a dispute about whether the license plate could readily

be seen, both parties agreed that the plate was located in between the dashboard and the

windshield. Thus, the only issue was whether that is a permissible location under Section

502.404(a). The court explained that the term "front" as used in the statute was not

ambiguous and should be defined in accordance with its common usage. It explained that

common expressions, such as "front page," "front of the line," or "storm front," connote "the

idea of something preceding something else, or of the beginning of an object."[11]  In

"appending the preposition 'at' before the phrase 'front and rear,'the legislature effectively

described a location as opposed to a direction or ability to sense."[12] Finally, the court noted

that, if the purpose of the statute is to facilitate vehicle identification, permitting the license

plate to be displayed anywhere in the front half of the vehicle, so long as it can be seen,

impedes this purpose.[13]

## II.

The question before this Court is one of statutory construction concerning Section

502.404(a) of the Texas Transportation Code. That section, titled "Operation of a Vehicle

---

[10] *Id.*

[11] *Id.* at 317.

[12] *Id.* at 318.

[13] *Id.*

Without License Plate or Registration Insignia," provides:

> A person commits an offense if the person operates on a public highway during a registration period a passenger car or commercial motor vehicle that does not display two license plates, at the front and rear of the vehicle.

Specifically, does the text "at the front . . . of the vehicle" permit a license plate to be displayed anywhere in the front half of the car or truck or only at its foremost part?

## A.     Statutory Construction.

Statutory construction is a question of law; therefore our review is de novo.[14]  As we recently stated in *Mahaffey,* in interpreting statutes, we focus on the literal text to determine the objective meaning of that text at the time of its enactment.[15]  We follow this principle because (1) "the text of the statute is the law"; (2) "the text is the only definitive evidence of what the legislators . . . had in mind when the state was enacted into law"; and (3) "the legislature is constitutionally entitled to expect that the judiciary will faithfully follow the specific text that was adopted."[16]  Therefore, "if the meaning of the statutory text . . . should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning."[17]  We depart from this plain-meaning rule only when "application of a statute's plain language would lead to absurd consequences" or "the language is not plain but rather

---

[14] *Ramos v. State,* 303 S.W.3d 302, 306 (Tex. Crim. App. 2009); *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008).

[15] *Mahaffey v. State*, __ S.W.3d __, __, No. PD-1491-09, 2010 Tex. Crim. App. LEXIS 795, *11 (Tex. Crim. App. June 30, 2010).

[16] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[17] *Id.*

ambiguous."[18]

**B.     Under the Plain Language of Section 502.404(a) of the Texas Transportation Code, a License Plate must Be Displayed at the Beginning or Foremost Part of a Vehicle, Most Commonly the Front Bumper.**

The plain language of Section 502.404(a) requires a license plate to be displayed "at the front . . . of the vehicle." In this context, "front" means the foremost part or beginning of a vehicle, not in the front half, facing the front, or in the front portion. This meaning of "front" as a location is not ambiguous and does not lead to an absurd result. While the Transportation Code does not explicitly define "front," common usage and definitions of the word provide ample support for this construction. As the Amarillo Court observed, common phrases such as "go to the front of the line," "front page," "front door," and "front seat" each convey the idea of "something preceding something else, or of the beginning of an object."[19] This interpretation is consistent with the ordinary dictionary definition.[20]

---

[18] *Id.*

[19] *Spence*, 296 S.W.3d at 317.

[20] State's Brief at 14, n.23 ("*See, e.g.* BLACK'S LAW DICTIONARY 739 (9th ed. 2009) (defining front (noun) as 'the foremost part of something'); *Merriam-Webster's Collegiate Dictionary* 503 (11th ed. 2005) (defining front (adjective) as 'of, relating to, or situated at the front' with front (noun) defined as 'the forward part or surface'); *Encarta World English Dictionary* 716 (1999) (defining front, when used as part of adjective phrase 'at or near the front,' as 'situated at, on, or near the front of something, or placed further forward than others' with front (noun) defined as 'the area section, or position just ahead of, close to, or at the forward part of something'); *The Cassell Concise English Dictionary, New Edition* 537 (1992) (defining front (adjective) as 'relating to or situated in or at the front' with front (noun) defined as 'the forward part or side of anything'); *Chambers 20th Century Dictionary, New Edition* 502-03 (1983) (defining front (adjective) as 'of, relating to, in, the front' with front (noun) defined as 'the forepart of anything'); *Webster's New Twentieth Century Dictionary* 736 (2d ed. 1983) (defining front (adjective) as 'pertaining to the fore part or front; situated in, at, or on the front'

Furthermore, this plain-language construction does not lead to absurd results but rather accomplishes the purpose of the statute. We think that the purpose of Section 502.404(a) is to facilitate quick and accurate identification of vehicles through the content of their license plates. Several other Transportation Code sections also facilitate this goal.[21] By requiring that license plates be displayed at the foremost part of a vehicle, police and citizens will know exactly where to look to quickly find and read the plate. Reducing the search time is especially important when trying to identify a moving vehicle. Additionally, consistent placement facilitates accurate aiming of red light and toll booth cameras. Thus, because the plain meaning of Section 502.404(a) is not ambiguous nor does it lead to an absurd result, it requires a license plate to be displayed at the foremost part or beginning of a vehicle.

Appellant argues, consistent with *State v. Losoya*,[22] that the word "front" in Section 502.404(a) is ambiguous and does not necessarily refer to a specific location. Appellant

---

with front (noun) defined as 'first part; beginning'); *The American Heritage Dictionary, Second College Edition* 536 (2d ed. 1982) (defining front (adjective) as '[o]f, pertaining to, aimed at, or located in the front' with front (noun) defined as '[t]he area, location, or position directly before or ahead.')").

[21] TEX. TRANSP. CODE § 502.409(a)(5) (displayed numbers and letters on a license plate must be free from "blurring or reflective matter" and "plainly visible at all times during daylight"); TEX. TRANSP. CODE § 547.322(f) (vehicles must be equipped with a white lamp that "(1) illuminates the rear license plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear."); TEX. TRANSP. CODE § 547.801(a)(3) (requiring motorcycles to be equipped with a white lamp to illuminate the rear license plate).

[22] *Losoya,* 128 S.W.3d at 415 ("The code does not define the 'front' of a vehicle. Because we find the term to be ambiguous, we may resort to extratextual factors to determine the meaning of the statute.").

explains that "'front line' and 'battle front' for example, can mean an area of real estate quite large" and "[w]hile certainly the phrase 'front page' . . . connotes a singular meaning, in contrast 'storm front' does not."[23] While some of these common expressions may be susceptible to such an interpretation, the most straightforward reading of each connotes the edge of something. Furthermore, using each as part of a phrase such as "at the battle front," "at the front line," or "at the storm front" directs the reader to a specific location, most commonly found at the edge or beginning of what is being described. Similarly, Section 502.404(a) requires that a license plate be displayed "at the front . . . of the vehicle." The plain meaning of the word "front" in this statute is a specific location.

Appellant also argues, relying on the legislative analysis found in *Losoya*,[24] that because the current statute omits the phrase "and attached thereto" found in the predecessor to Section 502.404(a), the Legislature intended to discard the requirement that a license plate be attached to the vehicle.[25] This, he argues, is evidence that it need not be attached to the

---

[23] Appellant's Brief at 16.

[24] *Losoya,* 128 S.W.3d at 415-16.

[25] Act of June 19, 1975, 64th Leg., R.S., ch. 621, § 3 (codified at TEX. REV. CIV. STAT. art. 6675a-3e § 5) (providing that a motor vehicle that operates upon the public highways of Texas must have:

> displayed thereon, and attached thereto, two (2) license number plates, one (1) plate at the front and one (1) at the rear, which have been duly and lawfully assigned for said vehicle for the current registration period or have been validated by the attachment of a symbol, tab, or other device for the current registration period.).

Thus, under former law, the registration sticker was attached to the license plates which were displayed and attached at both the front and the rear of the vehicle. Under current law, the registration sticker is attached to the driver's side windshield, while the license plates are still

front bumper.  While it is true that the current statute does not specifically state that a license plate be "attached" to the front of the vehicle, the amendment that eliminated this language was based on entirely different grounds.  Both the Senate and the House committee reports express an intent to relocate the vehicle registration sticker from the license plate to the windshield, but those reports say nothing about changing the location of the license plate itself.[26]  Furthermore, there is no practical difference between requiring a license plate to be displayed "at the front . . . of the vehicle"[27] or having it attached and displayed "at the front."[28]  The *Losoya* court implies that the previous statute required a license plate to be attached to the front bumper[29] but under its own interpretation of "front," one could just as reasonably conclude that the plate could be attached to the dashboard or windshield, because the phrase "at the front" did not change; only the phrase "displayed and attached" was shortened to "displayed."  The legislative history of Section 502.404(a) provides little evidence that the legislature intended to discard the requirement that a license plate be attached to or displayed at the front of the vehicle, usually the front bumper.

---

displayed at the front and rear of the vehicle.

[26] Senate Comm. on State Affairs, Bill Analysis, Tex. H.B. 225, 72nd Leg., R.S. (1991); House Comm. on Transportation, Bill Analysis, Tex. H.B. 225, 72nd Leg., R.S. (1991).

[27] TEX. TRANSP. CODE ANN. § 502.404(a).

[28] TEX. REV. CIV. STAT. art. 6675a-3e, § 5 (repealed).

[29] *Losoya,* 128 S.W.3d at 415-16 (stating that the omission of "attached thereto" in the current statute "supports Losoya's argument that the present statute does not require the license plate to be physically attached to the vehicle" and that this "in turn, is some evidence that the license plate need not be attached to the front bumper.").

Finally, even if the word "front" were ambiguous, the Austin court's interpretation in *Losoya* conflicts with the purpose of the statute. In *Losoya* the court stated, and we agree, that "[t]he apparent purpose of section 502.404(a) is to facilitate the identification of a motor vehicle by its license plate number whether it is moving toward or away from the viewer."[30] Allowing the plate to be located in a number of different places would make it difficult to quickly determine whether a given car has a license plate or what its numbers are. Furthermore, reflected sunlight or the lack of light at nighttime would further impede one's ability to find the location and content of a license plate placed under the windshield. These difficulties would result in far more unnecessary traffic stops.[31] The purpose of Section 502.404(a) is best accomplished when "front" is interpreted in accord with its plain meaning and requires a license plate to be located at the foremost part of the vehicle.

**III.**

**A.      Appellant's Placement of His License Plate Did Not Comply with Section 502.404(a).**

Appellant's brief restates his trial testimony that the license plate was "propped up inside, up in the window on the glass, so it was all the way up in front of the front

---

[30] *Id.* at 416.

[31] Even if a license plate could be legally propped up against the windshield, Officer Bledsoe had probable cause to stop appellant because he reasonably believed appellant did not have a valid license plate at the time he was pulled over. Only when the officer walked up close to the car could he see the license plate. *See Foster v. State*, 814 S.W.2d 874, 878 (Tex. App.—Beaumont 1991, pet. ref'd) (probable cause existed when officers could not see temporary plate legally displayed in rear tinted window), *abrogated on other grounds by Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991).

windshield."[32]  Officer Bledsoe's testimony that there was no license plate attached to the front bumper and that he saw the plate behind the windshield only when he walked up to the car also confirms the location of the plate.  On appeal, the Amarillo Court observed that while "all agree on the plate's location . . . [a] question arises, however, as to whether that was a permissible location."[33]  The Court of Appeals held that, because Section 502.404(a) requires the license plate to be located "where the car begins, *i.e.* the foremost area of the vehicle" and because the licence plate was not so located, appellant did not comply with the statute.  We agree with the Court of Appeals; appellant's placement of his license plate between his windshield and dashboard did not comply with Section 502.404(a).

**B.     Appellant Was Not Entitled to an Article 38.23 Jury Instruction.**

Appellant also argues that the trial court erred in not giving an article 38.23 jury instruction regarding the placement of the license plate.  Proper placement of a license plate is a question of law, not one of disputed historical fact. Since both parties agreed on the location of the license plate, an article 38.23 instruction was not warranted.[34]  Appellant also argues he should have been given a 38.23 instruction addressing the factual dispute about where he parked.  This instruction was also correctly denied because there was sufficient probable cause for Officer Bledsoe to stop him based on the license plate violation.  The

---

[32] Appellant's Brief at 12.

[33] *Spence*, 296 S.W.3d at 316.

[34] *See Madden v. State*, 242 S.W.3d 504 (Tex. Crim. App. 2007).

traffic stop was legal regardless of whether appellant did or did not park on the sidewalk.[35]

Under the plain language of the Texas Transportation Code, a license plate must be displayed at the foremost part or beginning of a vehicle, most commonly the front bumper. The word "front" in Section 502.404(a) is neither ambiguous nor does it lead to an absurd result.  Accordingly, we affirm the judgment of the Amarillo Court of Appeals.

Delivered: September 15, 2010

Publish

---

[35] *Id.* at 510 & n.15 ("And if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence.").