# NO. 12-10-00165-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MIKEAL JAVONY PHILLIPS,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Mikeal Javony Phillips appeals from his conviction for possession of a controlled substance.  In one issue, Appellant argues that the trial court erred in overruling his motion to suppress evidence.  We affirm.

### BACKGROUND

According to the evidence admitted at the hearing on Appellant's motion to suppress, a Cherokee County sheriff's deputy pulled Appellant over after he observed him operating his vehicle without a front license plate.  The deputy soon learned that Appellant's driver's license was suspended and placed him under arrest.  A search of the vehicle revealed several controlled substances, which resulted in charges being filed against Appellant for possession of a controlled substance.

Appellant filed a motion to suppress.  At the hearing, Appellant argued that there was a license plate on the front dashboard of the car he was driving and that even if the initial stop was valid, the deputy should have stopped his investigation once he learned that Appellant had the required license plate.  The trial court overruled Appellant's motion.  Following that ruling, Appellant and the State reached a plea agreement where Appellant would be sentenced to imprisonment for seven years in exchange for his plea of guilty.  The trial court accepted that agreement and sentenced Appellant accordingly.  This appeal followed.

In a single issue, Appellant argues that the trial court should have suppressed the evidence because the deputy sheriff's continuation of his investigation after he learned or should have learned that Appellant had a front license plate was unreasonable.

## Standard of Review and Applicable Law

Generally, we review a trial court's ruling on a motion to suppress for an abuse of discretion. *See Rocha v. State*, 16 S.W.3d 1, 12 (Tex. Crim. App. 2000); *see also Ramos v. State*, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008). An appellate court must view the evidence in the light most favorable to the trial court's ruling. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We afford almost total deference to a trial court's determination of historical facts. *See Montanez v. State*, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006). We do not engage in our own factual review; we determine only whether the record supports the trial court's ruling. *See Rocha*, 16 S.W.3d at 12.

An officer may initiate a traffic stop if he has a reasonable basis for suspecting that a person has committed a traffic offense. *Whren v. United States*, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In addition, an officer may conduct a temporary detention if the officer has reasonable suspicion to believe that a person is violating the law. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion is dependent upon both the content of the information possessed by the police and its degree of reliability. *See Alabama v. White*, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416-17, 110 L. Ed. 2d 301 (1990). Generally, evidence must be suppressed if it is gathered as a result of an illegal detention. *See Terry v. Ohio*, 392 U.S. 1, 12, 88 S. Ct. 1868, 1875, 20 L. Ed. 2d 889 (1968).

## Analysis

Texas law makes it an offense to operate a vehicle on a public highway without displaying two license plates, one on the front and one on the rear of a vehicle. *See* TEX. TRANSP. CODE ANN. § 502.404(a) (Vernon Supp. 2010). To the trial court and on appeal, Appellant made the then–plausible argument that he had been in compliance with the law when the sheriff's deputy stopped him because he had a license plate in the front window of his car. The argument was based on *State v. Losoya*, 128 S.W.3d 413, 416 (Tex. App.–Austin 2004, pet. ref'd), where the court held that display of a license plate in the front window of a vehicle complied with Section 502.404(a).

Appellant acknowledged in his brief that the Amarillo Court of Appeals had held to the contrary in *Spence v. State*, 296 S.W.3d 315 (Tex. App.–Amarillo 2009) and that the court of criminal appeals had granted a petition for discretionary review in that case. In an opinion that

became final after Appellant submitted his brief, the court of criminal appeals overruled *Losoya* and held that Section 502.404(a) requires that a license plate "be displayed at the foremost part or front of a vehicle, most commonly the front bumper." *See Spence v. State*, 325 S.W.3d 646, 648 (Tex. Crim. App. 2010). The court granted review in the *Spence* case to resolve the conflict between the Amarillo and Austin courts of appeals. *Id*.

The court of criminal appeals overturned the case on which Appellant's argument depends. Appellant's argument is that the deputy sheriff should have left when he realized Appellant had not committed a traffic offense. Without parsing that argument any more than is necessary, the *Spence* decision makes it plain that Appellant did commit an offense by operating a vehicle that did not have a license plate on the foremost part of the front of his vehicle. Therefore, the trial court did not err in overruling Appellant's motion to suppress, and we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 15, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)
