NO.
12-10-00165-CR

                  

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MIKEAL
JAVONY PHILLIPS,                        §                 APPEAL FROM THE 2ND

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 CHEROKEE
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

            Mikeal
Javony Phillips appeals from his conviction for possession of a controlled
substance.  In one issue, Appellant argues that the trial court erred in
overruling his motion to suppress evidence.  We affirm.  

 

Background

According
to the evidence admitted at the hearing on Appellant’s motion to suppress, a
Cherokee County sheriff’s deputy pulled Appellant over after he observed him
operating his vehicle without a front license plate.  The deputy soon learned
that Appellant’s driver’s license was suspended and placed him under arrest.  A
search of the vehicle revealed several controlled substances, which resulted in
charges being filed against Appellant for possession of a controlled substance.

Appellant
filed a motion to suppress.  At the hearing, Appellant argued that there was a
license plate on the front dashboard of the car he was driving and that even if
the initial stop was valid, the deputy should have stopped his investigation
once he learned that Appellant had the required license plate.  The trial court
overruled Appellant’s motion.  Following that ruling, Appellant and the State
reached a plea agreement where Appellant would be sentenced to imprisonment for
seven years in exchange for his plea of guilty.  The trial court accepted that
agreement and sentenced Appellant accordingly.  This appeal followed.

 

Front License Plate

            In
a single issue, Appellant argues that the trial court should have suppressed
the evidence because the deputy sheriff’s continuation of his investigation
after he learned or should have learned that Appellant had a front license
plate was unreasonable.  

Standard
of Review and Applicable Law 

Generally,
we review a trial court’s ruling on a motion to suppress for an abuse of
discretion.  See Rocha v. State, 16 S.W.3d 1, 12 (Tex. Crim. App.
2000); see also Ramos v. State, 245 S.W.3d 410, 418 (Tex. Crim.
App. 2008).  An appellate court must view the evidence in the light most
favorable to the trial court’s ruling.  See State v. Kelly, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006).  We afford almost total deference to a
trial court’s determination of historical facts.  See Montanez v.
State, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006).  We do not engage in
our own factual review; we determine only whether the record supports the trial
court’s ruling.  See Rocha, 16 S.W.3d at 12. 

An
officer may initiate a traffic stop if he has a reasonable basis for suspecting
that a person has committed a traffic offense.  Whren v. United States,
517 U.S. 806, 810, 116 S. Ct. 1769, 1772, 135 L. Ed. 2d 89 (1996); Garcia
v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992).  In addition, an
officer may conduct a temporary detention if the officer has reasonable
suspicion to believe that a person is violating the law.  See Ford v.
State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  Reasonable
suspicion is dependent upon both the content of the information possessed by
the police and its degree of reliability.  See Alabama v. White,
496 U.S. 325, 330, 110 S. Ct. 2412, 2416-17, 110 L. Ed. 2d 301 (1990). 
Generally, evidence must be suppressed if it is gathered as a result of an
illegal detention.  See Terry v. Ohio, 392 U.S. 1, 12, 88 S. Ct.
1868, 1875, 20 L. Ed. 2d 889 (1968).

Analysis

            Texas
law makes it an offense to operate a vehicle on a public highway without displaying
two license plates, one on the front and one on the rear of a vehicle.  See Tex. Transp. Code Ann. § 502.404(a)
(Vernon Supp. 2010).  To the trial court and on appeal, Appellant made the
then–plausible argument that he had been in compliance with the law when the
sheriff’s deputy stopped him because he had a license plate in the front window
of his car.  The argument was based on State v. Losoya, 128
S.W.3d 413, 416 (Tex. App.–Austin 2004, pet. ref’d), where the court held that
display of a license plate in the front window of a vehicle complied with
Section 502.404(a).  

Appellant
acknowledged in his brief that the Amarillo Court of Appeals had held to the
contrary in Spence v. State, 296 S.W.3d 315 (Tex. App.–Amarillo
2009) and that the court of criminal appeals had granted a petition for
discretionary review in that case.  In an opinion that became final after
Appellant submitted his brief, the court of criminal appeals overruled Losoya
and held that Section 502.404(a) requires that a license plate “be
displayed at the foremost part or front of a vehicle, most commonly the front
bumper.”  See Spence v. State, 325 S.W.3d 646, 648 (Tex. Crim.
App. 2010).  The court granted review in the Spence case to
resolve the conflict between the Amarillo and Austin courts of appeals.  Id.


The
court of criminal appeals overturned the case on which Appellant’s argument
depends.  Appellant’s argument is that the deputy sheriff should have left when
he realized Appellant had not committed a traffic offense.  Without parsing
that argument any more than is necessary, the Spence decision
makes it plain that Appellant did commit an offense by operating a vehicle that
did not have a license plate on the foremost part of the front of his vehicle. 
Therefore, the trial court did not err in overruling Appellant’s motion to
suppress, and we overrule Appellant’s sole issue.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the judgment of the
trial court.

 

                                                                   James
T. Worthen

                                                                                        
Chief Justice

 

 

 

Opinion delivered June 15, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(do not publish)