

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1522-11

**JAMES HENRY GELINAS, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE EIGHTH COURT OF APPEALS
EL PASO COUNTY**

COCHRAN, J., filed a concurring opinion.

### O P I N I O N

Let's face it. This jury (1) did not read the Article 38.23 jury instructions; (2) did read the instructions, but did not understand what they really said, and therefore ignored them; or (3) did read the instructions, knew that they were wrong, and therefore ignored them. The third option is the least likely; after all, neither the parties nor the trial judge knew that the instructions were wrong at the time that they were written or read. The most likely option is the first, which simply proves the old adage of "garbage in, garbage out." These

instructions are 100% legalese.  They make no sense.  Trial judges should not be giving instructions like this.  This is not a case in which the reviewing court should apply the usual presumption that the jury understood and applied the court's charge in the way it was written.[1]  Here, we know that the jury, composed of normal people, was unlikely to have understood the jury charge as it was written because not even the lawyers and trial judge, attuned though they may be to legalese, understood what the instructions said.

The trial judge should "chunk" information and give it to the jury in a short, digestible pieces as shown in the Texas Criminal Pattern Jury Charges volumes published by the Texas State Bar.[2]  Although the Pattern Jury Charges do not yet cover special instructions under Article 38.23, the general instructions provide a guide along the following lines:

> No evidence obtained by an officer as the result of an unlawful stop and detention is admissible against the defendant.  An officer is permitted to make a temporary investigative detention of a motorist if that officer has reasonable suspicion to believe that the motorist has violated a traffic law.  One such traffic law requires a vehicle to have a white light that illuminates the vehicle's license plate.
>
> Before you may consider whether the evidence supports the defendant's guilt of the offense of driving while intoxicated, you must first determine whether the State has proven, beyond a reasonable doubt, that
>
> (1)    Trooper Diego Marquez reasonably believed that
> (2)    the defendant, James Henry Gelinas, was driving a vehicle that did not have a white light that illuminated his vehicle's license plate.

---

[1] *See Miles v. State*, 204 S.W.3d 822, 828 (Tex. Crim. App. 2006) ("[I]n the absence of evidence to the contrary, we will assume that the jury followed its written instructions.").

[2] *See* TEXAS STATE BAR, TEXAS CRIMINAL PATTERN JURY CHARGES, vols. 1-4 (2009-2012).

If you find both (1) and (2) beyond a reasonable doubt, then you will next consider whether the State's evidence has proven the elements of the offense of driving while intoxicated.

If you do not find both (1) and (2) beyond a reasonable doubt, then you will not consider any evidence that was obtained by Trooper Diego Marquez after making an unlawful stop. In this case, you must find the defendant "not guilty" if you find that Trooper Marquez made an unlawful stop.

This instruction makes clear that it is the officer's reasonable belief about the violation that matters.[3] It also forces everyone to focus on the historical fact that establishes the violation.[4] And its format also would make it obvious to the trial judge and attorneys if the instruction were wrong.

In this case, the primary contested issue was the color of the license plate light and whether Trooper Marquez was credible concerning its color. Both the defense attorney and prosecutor focused on that evidence and that issue. Regardless of the nonsensical jury instruction, the parties made it abundantly clear that if the jury did not believe Trooper Marquez about the license plate color, he should not have stopped and detained Mr. Gelinas.

---

[3] *See Madden v. State*, 242 S.W.3d 504, 516 & n.31 (Tex. Crim. App. 2007); *see also* 43 GEORGE E. DIX & JOHN M. SCHMOLESKY, CRIMINAL PRACTICE AND PROCEDURE, § 44:46 at 1055-56 (3d ed. 2011) (discussing disputed fact issues under art. 38.23 and setting out examples of jury instructions on reasonable suspicion to detain a motorist).

[4] *See Robinson v. State*, 377 S.W.3d 712, 718-19 (Tex. Crim. App. 2012) (distinguishing between dispute over historical facts and dispute over the legal significance of historical facts; defendant not entitled to art. 38.23 jury instruction when dispute was over whether defendant was required to use his turn signal at "meeting place" of two roads, not whether he did use his signal); *Spence v. State*, 325 S.W.3d 646, 653-54 (Tex. Crim. App. 2010) (defendant was not entitled to art. 38.23 instruction on proper placement of his license plate; there was no disputed factual issue concerning where his license plate was–it was on the front dashboard; the proper placement of a license plate is a question of law, not historical fact, so judge, not jury, decides that legal issue).

And if he should not have stopped and detained Mr. Gelinas, the jury must set aside all of the evidence Trooper Marquez obtained as a result of that stop. And, if that was the case, then the jury should have found Mr. Gelinas not guilty because there was no other evidence to support his guilt of driving while intoxicated.

I do not think that it is necessary to "disavow" *Hutch v. State*[5] because that was only a plurality opinion and therefore is not binding precedent. And I think that *Hutch* properly set out the four *Almanza* "egregious error" factors, although reasonable minds could (and, in *Hutch*, did) disagree on precisely how they are to be applied. I agree with Presiding Judge Keller's dissent in *Hutch* that in both that case and the present one "the jury charge authorized acquittal on the wrong basis, but did not authorize conviction on the wrong basis."[6] That is, the jury charge stated, in essence: "If the defendant was breaking the law at the time the officer stopped him, then . . . the stop was illegal." Well, of course that is nonsense, but it is nonsense that the jury would have clearly understood to be such. I agree with Judge Keasler that, counterintuitive as it may seem, the very obviousness of the error makes it less harmful–certainly less harmful than the converse instruction: "If the defendant was not breaking the law at the time the officer stopped him, then . . . the stop was legal."[7]

I conclude that the error in this jury charge did not cause appellant egregious harm

---

[5] 922 S.W.2d 166 (Tex. Crim. App. 1996).

[6] *Id.* at 174 (Keller, P. J., dissenting).

[7] *See id.*

because the jury instruction was just an indecipherable lump of legal gobbledy-gook that no one (including the lawyers and the judge) understood or paid any attention to.  But everyone did focus on the important issue: Trooper Marquez's credibility.  If the jury believed that Trooper Marquez stopped appellant for a bogus reason, anything he found as a result of that bogus stop could not be used to convict appellant.  And if the jury disbelieved Trooper Marquez, they would have found appellant not guilty.  Because the jury did find appellant guilty, it is illogical to conclude that they might have disbelieved Trooper Marquez.

I therefore concur in the judgment of the Court.

Filed: May 15, 2013
Publish