

# NUMBER 13-17-00042-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

RAUL E. ALVAREZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                 Appellee.

---

### On appeal from the County Court at Law No. 9
### of Travis County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Raul E. Alvarez appeals his conviction for driving while intoxicated-

second offense (DWI), a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 49.09(a)

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Third Court of Appeals in Austin, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

(West, Westlaw through 2017 1st C.S.). A jury returned a guilty verdict, and the trial court sentenced appellant to 120 days' confinement in the county jail. By one issue, appellant argues that the trial court erred by denying his request for a jury instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West, Westlaw through 2017 1st C.S.). We affirm.

## I.    BACKGROUND

Appellant was charged by information with DWI. *See* TEX. PENAL CODE ANN. § 49.09. The trial court denied appellant's pre-trial motion to suppress evidence obtained following the traffic stop that resulted in his arrest. At trial, Officer Manuel Delgado-Eberhardt with the Austin Police Department testified concerning the traffic stop and DWI investigation. Officer Delgado-Eberhardt observed a gray Saturn vehicle drifting left and touching the lane divider on Interstate Highway 35 (I-35) in Travis County, Texas. The driver moved back to the center of the lane before drifting left again. At that time, Officer Delgado-Eberhardt activated his vehicle's camera. He observed the vehicle continue to "drift and swerve" within its lane before exiting the highway. Officer Delgado-Eberhardt followed the car to the intersection of Cesar Chavez and the I-35 service road. He observed the vehicle initiate a left turn in front of oncoming traffic before reversing and stopping very close to his patrol car. The vehicle waited for a protected-turn arrow before turning onto the service road. Officer Delgado-Eberhardt decided to initiate a traffic stop because he "became concerned that there was something wrong with the driver." He explained "it can be anything from sleepy, a medical condition, intoxication, [or] somebody is fiddling with their phone[.]" On cross-examination Officer Delgado-Eberhardt further

2

clarified that the basis for stopping the vehicle was his belief "that there was some sort of medical emergency or possible intoxication[.]" Officer Delgado-Eberhardt stated that the "drifting and swerving" could constitute the offense of failing to maintain a single, marked lane. *See* TEX. TRANSP. CODE ANN. § 545.060 (West, Westlaw through 2017 1st C.S.). However, he stated that he did not base his stop on a perceived traffic violation because he was unsure whether an offense had occurred.

Officer Delgado-Eberhardt approached the vehicle and identified appellant as the driver. Appellant had a strong odor of alcohol on his breath, slurred speech, and glassy and watery eyes. Officer Delgado-Eberhardt discovered an open container of beer in the vehicle which was cold to the touch. At that point, Officer Delgado-Eberhardt asked appellant to step out of the vehicle. In response to questioning, appellant stated that he drank a six-pack of 16 oz. beer that night. Officer Delgado-Eberhardt proceeded to administer standardized field sobriety tests, during which appellant exhibited signs of intoxication. He placed appellant under arrest for DWI. Officer Delgado-Eberhardt administered a portable breath test, which indicated the presence of alcohol in appellant's system. Appellant declined to provide a blood sample for testing. The trial court admitted the dash-cam video of the traffic stop into evidence.

During the jury charge conference, appellant requested the inclusion of the following jury instruction pursuant to article 38.23 of the code of criminal procedure:

> You are instructed that no evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. An officer is permitted to make a temporary investigative detention of a motorist if the officers have specific articulable facts, which, taken

3

together with rational inferences from those facts, lead them to conclude that a person detained actually is, has been, or soon will be engaged in criminal activity.

Under the laws of Texas, a driver must drive as nearly as practical entirely within a single lane, and may not move from the lane unless that movement may be made safely.

Now, bearing in mind if you do not find beyond a reasonable doubt from the evidence that, on the occasion in question [appellant] failed to drive as nearly as practical entirely within a single lane, and did not move from the lane unless that movement could be made safely, immediately preceding his stop and detention by the officers herein, then such stopping of the accused would be illegal and you will disregard any and all evidence obtained as a result of the stop of [appellant's] vehicle by the officer and you will not consider such evidence for any purpose whatsoever.

However, if you find beyond a reasonable doubt from the evidence that, on the occasion in question [appellant] failed to drive as nearly as practical entirely within a single lane, and did not move from the lane unless that movement could be made safely, immediately preceding his stop and detention by the officers herein, then you may consider the evidence obtained by the officer as a result of the search.

The trial court denied the requested instruction.[2] The jury returned a guilty verdict. This appeal followed.

## II. JURY INSTRUCTION

### A. Standard of Review and Applicable Law

In analyzing a jury-charge issue, we first determine whether error exists. *See Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984) (op. on reh'g); *Tottenham v. State*, 285 S.W.3d 19, 30 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). If we find error, then we consider whether the error was harmful under the appropriate standard.

---

[2] Appellant also requested an instruction directing the jury to decide the lawfulness of the traffic stop in relation to the officer's suspicion that appellant was driving while intoxicated. The trial court denied this requested instruction as well, but appellant does not raise an issue challenging this ruling.

4

*Tottenham*, 285 S.W.3d at 30; *see also Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008) ("The failure to preserve jury-charge error is not a bar to appellate review, but rather it establishes the degree of harm necessary for reversal.").

Article 38.23 provides in part as follows:

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a). If a fact issue exists concerning whether evidence was unlawfully obtained, then a trial court must instruct the jury that if it believes that the evidence was obtained in violation of article 38.23, then the jury should disregard the evidence so obtained. *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000). The evidence must (1) raise an issue of fact; (2) be affirmatively contested; and (3) be material to the lawfulness of the challenged conduct. *Madden*, 242 S.W.3d at 510. The defendant must request an instruction on a specific historical fact. *Id.* at 511. "Where the issue raised by the evidence at trial does not involve controverted historical facts, but only the proper application of the law to undisputed facts, that issue is properly left to the determination of the trial court." *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012).

To conduct a traffic stop in compliance with the Fourth Amendment, an officer must have reasonable suspicion. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012). Reasonable suspicion exists "when an officer is aware of 'specific articulable facts that, when combined with rational inferences from those facts, would lead him to

5

reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity.'" *Id.* (quoting *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011)). The reasonable suspicion standard is an objective one, and the subjective intent of the officer conducting the investigation is irrelevant. *Id.* The trial court decides what quality and quantum of facts are necessary to establish reasonable suspicion. *Madden*, 242 S.W.3d at 511. Only if one or more of those necessary facts are disputed does the trial court ask the jury to decide whether the officer's belief in those facts was reasonable. *Id.*

## B. Analysis

Appellant argues that there was conflicting evidence whether he committed a traffic violation, which he contends was the sole justification presented at trial for the traffic stop. We disagree.

We first start with the language of the requested instruction. As set out above, the instruction asks the jury whether or not the State proved beyond a reasonable doubt that appellant "failed to drive as nearly as practical entirely within a single lane, and did not move from the lane unless that movement could be made safely, immediately preceding his stop and detention[.]" The instruction generally tracks the language of section 545.060 of the transportation code, titled "Driving on Roadway Laned for Traffic." *See* TEX. TRANSP. CODE ANN. § 545.060. While the instruction asks the jury whether appellant violated section 545.060, it fails to identify a specific contested historical fact. *See Madden*, 242 S.W.3d at 511 ("The jury decides facts; the judge decides the application of the law to those facts."). At most, the instruction represents a

6

disagreement over the legal consequences of appellant's actions. Such a question concerns the application of the law to undisputed facts, an issue that is properly left to the determination of the trial court. *See Robinson*, 377 S.W.3d at 719, 721 (explaining that the officer's testimony that the appellant was required to use a turn signal where one street merged into another was not a mistake about a historical fact which would justify the traffic stop, but was rather an opinion about the proper application of law to the undisputed historical facts); *see also Hamal*, 390 S.W.3d at 307 (concluding that the appellant was not entitled to article 38.23 instruction where there was no dispute about what the officer did, said, saw, or heard); *Spence v. State*, 325 S.W.3d 646, 653–54 (Tex. Crim. App. 2010) (concluding that the proper placement of a license plate was an issue of law not fact). Because appellant did not identify a disputed historical fact, he was not entitled to an article 38.23 instruction. *See Madden*, 242 S.W.3d at 510. Further, our review of the record, including the officer's testimony and the dash-cam video, does not reveal any disputed fact concerning the nature of appellant's driving.

In addition, Officer Delgado-Eberhardt's justification for stopping appellant's vehicle was that he suspected appellant was intoxicated, distracted, or suffering from a medical condition that impaired his driving, not that he believed appellant committed a traffic offense.[3] Therefore, the requested instruction is not material to the lawfulness of the officer's actions. *See Madden*, 242 S.W.3d at 510 ("[I]f other facts, not in dispute,

---

[3] As stated above, appellant does not raise an issue challenging the trial court's denial of his proposed instruction concerning Officer Delgado-Eberhardt's suspicion that appellant was driving while intoxicated. We disagree with appellant's contention that the State did not present evidence supporting this justification at trial. Rather, according to the officer's testimony, his concern that appellant was either intoxicated, distracted, or suffering from a medical condition was the sole reason for the traffic stop.

are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence.").

We conclude that the trial court did not err in denying appellant's requested instruction. *See id.* We overrule appellant's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of July, 2018.