# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00715-CR

**Nilda Iliana Rodriguez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT NO. 65241, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## O P I N I O N

Appellant Nilda Iliana Rodriguez appeals from a judgment convicting her of the offense of felony murder for the death of her seven-week-old son. *See* Tex. Penal Code § 19.02(b)(3). For the reasons that follow, we affirm the judgment of conviction.

## BACKGROUND

Rodriguez gave birth to her son on October 8, 2008. She had other children at the time. After her son was discharged from the hospital, Rodriguez was responsible for his care as well as her other children's care. Her husband was overseas at the time. Her son died on December 3, 2008, as a result of malnutrition, dehydration, and medical neglect. Rodriguez did not take her son to see a doctor from the day that he went home from the hospital until the day he died. On that day, EMS was called to Rodriguez's home. Her son was taken to the hospital where he was pronounced dead.

In two paragraphs, the State charged Rodriguez with felony murder. The State alleged that Rodriguez committed and attempted to commit the felony offense of injury to a child and "in the course of and in furtherance of the commission and attempted commission of the said felony, Nilda Iliana Rodriguez, did attempt to commit and commit an act clearly dangerous to human life which caused the death of [her child]."

In Paragraph I, the indictment named the following "act[s] clearly dangerous to human life": (1) "starving" the said child, and (2) "withholding from" the said child "sufficient nutrition and fluids to maintain life." In Paragraph II, the indictment named the following "act[s] clearly dangerous to human life":

> Nilda Iliana Rodriguez did then and there fail to insure that the said [child] ingested and benefitted from sufficient nutrition and fluids; and, did then and there fail to seek medical care when it was apparent that the said [child] needed medical care and the said Nilda Iliana Rodriguez was then and there a person (1) having the legal and statutory duty to [the child]; and (2) having assumed care, custody, and control over [the child] had the duty to [the child] to provide protection, food, and medical care.

Rodriguez testified that she was responsible for her son's care during his life. She does not dispute that her son died of starvation, and the evidence established that the child's condition and need for medical treatment were readily apparent. An expert for the State opined that the child was malnourished and dehydrated and that "his condition would have been apparent to anybody who was taking care of him on a routine basis." He also testified that the malnutrition and dehydration were a result of inadequate nutrition over a period of days, "that this child wasn't getting enough nutrition," and that this type of condition "progresses over time." The coroner who performed the autopsy on the child similarly concluded that the cause of death was malnutrition and

2

dehydration. The great-grandmother of the child also testified that she told Rodriguez five days before the child died that the child "looks sick," he "don't look like he will make it two weeks" and that Rodriguez needed "to be calling 911 looks like." Rodriguez did not take her son to the doctor until the day of his death, but she answered "yes, sir" when asked whether she fed him and whether she treated him like all of her other children. The evidence also showed that there was no medical reason for her son's condition, such as vomiting or diarrhea or other medical problems, except the withholding of sufficient nutrition and fluids.

The jury found Rodriguez guilty and assessed punishment at thirty years' confinement in the Texas Department of Criminal Justice. The trial court thereafter entered a judgment of conviction by jury.

## ANALYSIS

### *Appellant's Initial Brief*

In the sole issue raised in her appellant's brief, Rodriguez challenges the validity of the indictment. She contends: "The indictment does not support appellant's conviction for felony murder because the predicate felony of injury to child, as alleged in each paragraph of the indictment, [is] committed by omission, not acts, as required by section 19.02(b)(3) [of the Texas Penal Code]." *See* Tex. Penal Code §§ 19.02(b)(3), 22.04.[1] Rodriguez contends that the State

---

[1] Section 19.02(b)(3) of the Penal Code states the elements of felony murder as follows:

(b)     A person commits an offense if he: . . .

(3)     commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate

prosecuted her under the wrong statute and theory of law. She argues that the indictment only alleged omissions, not affirmative acts, and that injury to a child by omission cannot support the offense of felony murder.

Rodriguez, however, did not file a motion to quash the indictment, object to the indictment at any time during the trial, or otherwise raise this argument with the trial court. She, therefore, failed to preserve this issue for appellate review. *See* Tex. Code Crim. Proc. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."); *Teal v. State*, 230 S.W.3d 172, 176–77, 182 (Tex. Crim. App. 2007) (discussing article 1.14(b) and holding that defendant waived right to object to indictment defects).

To the extent that Rodriguez's complaint is that the indictment failed to charge an offense and, therefore, the trial court did not have subject matter jurisdiction, we may consider this complaint for the first time on appeal. *See Teal*, 230 S.W.3d at 178–79. "The proper test to determine if a charging instrument alleges 'an offense' is whether the allegations in it are clear enough that one can identify the offense alleged." *Id*. at 180. "If they are, then the indictment is

---

flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Tex. Penal Code § 19.02(b)(3). Section 22.04 of the Penal Code provides the elements for the offense of injury to a child. *Id*. § 22.04. This offense may be committed by "act" or by "omission." *Id*. § 22.04(a). The elements for the offense of injury to a child based upon "omission" require the actor to have "a legal or statutory duty to act" or to have "assumed care, custody, or control of a child." *Id*. § 22.04(b).

4

sufficient to confer subject matter jurisdiction." *Id*. Applying this test here, we conclude that the allegations in the indictment "are clear enough that one can identify" that the offense alleged is felony murder under section 19.02(b)(3) of the Penal Code based upon the underlying felony of injury to a child. *See id*. We overrule Rodriguez's sole issue raised in her appellant's brief.

***Appellant's Supplemental Brief***

Although our analysis should be complete, this Court requested supplemental briefing from the parties. We asked whether we can and should raise, on our own motion, the sufficiency of the evidence to support the conviction and "whether the evidence was sufficient to prove that, as alleged, the appellant committed an act clearly dangerous to human life in the course of committing the felony of injury to a child." In response, both parties filed supplemental briefs that addressed both issues.

In this context, we address Rodriguez's challenge in her supplemental brief to the legal sufficiency of the evidence to support the judgment of conviction. *See* Tex. R. App. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."); *Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008) ("Appellate courts have the jurisdiction and authority to review unassigned error.") (citations omitted); *Carroll v. State*, 101 S.W.3d 454, 456 (Tex. Crim. App. 2003) ("Once jurisdiction of an appellate court is invoked, exercise of its reviewing function is limited only by its own discretion or a valid restrictive statute." (quoting *Carter v. State*, 656 S.W.2d 468, 469 (Tex. Crim. App. 1983)).[2]

---

[2] Whether we must address in this opinion the issues raised in the supplemental briefs is debatable. *See* Tex. R. App. P. 38.1(f) (appellant's brief must contain issues presented for review); *Garrett v. State*, 220 S.W.3d 926, 928–29 (Tex. Crim. App. 2007) (concluding that court of appeals

*Standard of Review*

When reviewing the sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). We measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (quoting *Malik*, 953 S.W.2d at 240).[3]

---

was not required to address factual sufficiency of evidence in its opinion even though court requested supplemental briefing on its own motion).

[3] Rodriguez did not object to the charge of the court. The jury was instructed:

A person commits the offense of murder if she commits or attempts to comment a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, she commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

. . .

A person commits the felony offense of injury to a child if she intentionally, knowingly, recklessly or with criminal negligence by act or intentionally, knowingly or recklessly by omission causes a child serious bodily injury or bodily injury.

An omission that causes serious bodily injury is conduct constituting an offense if the

6

In assessing the legal sufficiency of the evidence, we have a duty "to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see Winfrey v. State*, 323 S.W.3d 875, 882 (Tex. Crim. App. 2010).

*Act or Omission*

Similar to her challenge to the indictment raised in her appellant's brief, Rodriguez urges that the conduct alleged in the indictment and proven at trial—"starvation and neglect"—were "omissions," and that the felony offense of injury to a child by omission cannot support felony murder because felony murder requires an "act." *See* Tex. Penal Code §§ 19.02(b)(3), 22.04; *see also id*. § 1.07(a)(1) (defining "Act" to mean "bodily movement, whether voluntary or involuntary, and includes speech"), (a)(34) (defining "Omission" as "failure to act").

"Felony murder is an unintentional murder committed in the course of committing a felony." *Threadgill v. State*, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004) (citation omitted). The only felony expressly excluded from felony offenses that may serve as the underlying felony is manslaughter. *See* Tex. Penal Code § 19.02(b)(3); *Spence v. State*, 325 S.W.3d 646, 650 (Tex. Crim. App. 2010) (focusing on "literal text to determine the objective meaning of that text at the

---

actor has a legal or statutory duty to act or the actor has assumed care, custody or control of a child. A person has assumed care, custody or control of a child if she by act, words or course of conduct acted so as to cause a reasonable person to conclude that she has accepted responsibility for protection, food, shelter and medical care for the child.

The State's theory at trial was that Rodriguez committed the offense of injury to a child by acts and omissions. *See* Tex. Penal Code § 22.04.

time of its enactment" when interpreting statutes). Informed by the text of section 19.02, we conclude that felony murder may be based upon the underlying offense of injury to a child whether by act or omission. *See, e.g.*, *Johnson v. State*, 4 S.W.3d 254, 258 (Tex. Crim. App. 1999) (affirming felony murder conviction premised on underlying offense of injury to child); *Hopper v. State*, No. 03-03-00508-CR, 2004 WL 2108665, at *1 (Tex. App.—Austin Sept. 23, 2004, pet. ref'd) (mem. op., not designated for publication) (same); *see also Villanueva v. State*, 227 S.W.3d 744, 747–48 (Tex. Crim. App. 2007) (concluding that act and omission are two means of proving offense of injury to a child); *Baldwin v. State*, 264 S.W.3d 237, 242–43 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (noting that jury was instructed to convict based upon "act or omission" and upholding sufficiency of evidence to support convictions for injury to child).

We agree with Rodriguez, however, that the State had to prove "an act clearly dangerous to human life" to support the conviction of felony murder. *See* Tex. Penal Code §§ 19.02(b)(3). One of the State's allegations was "starving [the child]." The evidence at trial established that Rodriguez's son starved to death over a period of time, that Rodriguez was responsible and primarily cared for him during that period of time, including feeding him, and that the child's condition was apparent. The expert for the State and the coroner testified that the child died as a result of malnutrition and dehydration, and the expert testified that the condition "progresses over time." After seeing the child five days before he died, the great-grandmother told Rodriguez that she needed "to be calling 911 looks like."

The jury could have reasonably inferred from this evidence that Rodriguez committed acts—such as continuously feeding her son far less than he needed—in starving her son

8

that were "clearly dangerous to human life." *See Jackson*, 443 U.S. at 319 (in sufficiency review, assume that the trier of fact drew reasonable inferences in a manner that supports the verdict and responsibility of trier of fact "to draw reasonable inferences from basic facts to ultimate facts"); *see also Driver v. State*, 358 S.W.3d 270, 276–77 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (disagreeing with the defendant that "possession of cocaine as an underlying felony to felony murder forecloses proof of bodily movement that constitutes an act clearly dangerous to human life, or as the State charged in this case, 'allowing' a child to ingest cocaine" and holding "the evidence was legally sufficient to support the jury's findings that [the defendant's] possession of cocaine, together with his placing his son in circumstances that allowed his son to ingest it, constitute actions that were clearly dangerous to his son's life"); *Hill v. State*, 881 S.W.2d 897, 902–03 (Tex. App.—Fort Worth 1994), *aff'd*, 913 S.W.2d 581 (Tex. Crim. App. 1996);[4] *DePauw v. State*, 658 S.W.2d 628, 633, 635 (Tex. App.—Amarillo 1983, pet. ref'd) (noting that phrase "an act clearly dangerous to human life" not defined in Penal Code and that phrase has a "common and ordinary meaning so that a juror could properly understand such term").

Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence was legally sufficient to support the conviction. *See Jackson*, 443 U.S. at 319; *see also*

---

[4] In *Hill*, the State charged the appellants with injury to a child based upon "omission" and the appellants argued—opposite to Rodriguez's position here—that failing to provide appropriate food and medical care when they had a legal duty to do so was "a course of affirmative action, not a course of omission." 881 S.W.2d 897, 902 (Tex. App.—Fort Worth 1994), *aff'd*, 913 S.W.2d 581 (Tex. Crim. App. 1996). Appellants stated that they "'acted in' starving [the child]" and "depriving [the child] of food." Rejecting this argument, the court noted that it was "simply a battle waged in semantics." *Id*. The court also noted that the evidence at trial may well have supported the convictions for acts as well as omissions. *Id*.

*Garcia v. State*, 16 S.W.3d 401, 405 (Tex. App.—El Paso 2000, pet. ref'd) ("Texas case law is replete with holdings that when an adult defendant has had sole access to a child at the time its injuries are sustained, the evidence is sufficient to support a conviction for injury to a child, or murder if the child dies.") (collecting cases).

## CONCLUSION

For these reasons, we affirm the judgment of conviction.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field
  Concurring Opinion by Justice Field;
  Dissenting Opinion by Chief Justice Jones

Filed:   July 31, 2013

Publish.