PD-1598-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/21/2015 1:01:02 PM
Accepted 1/28/2015 9:08:44 AM
ABEL ACOSTA
CLERK

# NO. PD-1598-14
### IN THE
# COURT OF CRIMINAL APPEALS
### OF TEXAS
### AUSTIN, TEXAS

# AUSTIN CRAWFORD,
### APPELLANT
# V.
# THE STATE OF TEXAS,
### APPELLEE

*APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS*

**02-13-00391-CR
FOR THE SECOND COURT OF APPEALS
AT FORT WORTH**

On appeal from Cause Number 1265884D
in the Criminal District Court Number Four of Tarrant County, Texas
Honorable Mike Thomas, Judge Presiding

DAVID A. PEARSON, P.L.L.C.
ATTORNEY FOR APPELLANT
222 W. EXCHANGE AVE., STE. 103
FORT WORTH, TEXAS 76164
(817) 625-8081
(817) 625-8038 FAX
STATE BAR No. 15690465
*david@lawbydap.com*

FILED IN
COURT OF CRIMINAL APPEALS

January 28, 2015

ABEL ACOSTA, CLERK

# THE PARTIES INVOLVED

MR. AUSTIN CRAWFORD             APPELLANT
    01876191
    Allred Unit
    2101 FM 369 North
    Iowa Park, TX 76367

HON. DAVID A. PEARSON, IV        ATTORNEY FOR APPELLANT
    222 W. Exchange Ave., 103         (APPEAL)
    Fort Worth, TX 76164

HON. FRED CUMMINGS            ATTORNEY FOR APPELLANT
    303 Main Street, Suite 304         (TRIAL)
    Fort Worth, TX 76102

HON. ERIC CUMMINGS             ATTORNEY FOR APPELLANT
    303 Main Street, Suite 304         (TRIAL)
    Fort Worth, TX 76102

HON. SHAREN WILSON             DISTRICT ATTORNEY
    401 W. Belknap St.                TARRANT COUNTY, TX
    Fort Worth, TX 76196

HON. DEBRA ANN WINDSOR       ASST. DISTRICT ATTORNEY
    401 W. Belknap St.                TARRANT COUNTY, TX
    Fort Worth, TX 76196            (APPEAL)

HON. KIMBERLY D'AVIGNON       ASST. DISTRICT ATTORNEY
    401 W. Belknap St.                TARRANT COUNTY, TX
    Fort Worth, TX 76196            (TRIAL)

HON. MELINDA WESTMORELAND     ASST. DISTRICT ATTORNEY
    401 W. Belknap St.                TARRANT COUNTY, TX
    Fort Worth, TX 76196            (TRIAL)

HONORABLE MIKE THOMAS       JUDGE PRESIDING
    401 W. Belknap St.            CRIMINAL DISTRICT COURT
    Fort Worth, TX 76196      NUMBER FOUR
                              TARRANT COUNTY, TX

# SUBJECT INDEX

The Parties Involved ...........................................................................................i

Subject Index ..................................................................................................... iii

Index of Authorities ........................................................................................iv

Statement Regarding Oral Argument ...................................................................2

Statement of the Case ........................................................................................2

Statement of Procedural History.........................................................................2

Grounds for Review

    *Ground for Review One*:
    *Insufficient evidence* ...............................................................................3

Points, Arguments, and Authorities......................................................................3

Prayer for Relief...................................................................................................8

Certificate of Service ..........................................................................................8

Certificate of Compliance....................................................................................9

Court of Appeals' Opinion ...........................................................................Appendix

# INDEX OF AUTHORITIES

Cases                                                                        Page

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) .........................................4

*Clark v. Procunier*, 755 F.2d 394 (5th Cir. 1985) ......................................................6

*Garcia v. State*, 16 S.W.3d 401 (Tex. App.—El Paso 2000) pet. ref'd) ...............3,5

*Garrett v. State*, 573 S.W.2d 543 (Tex. Crim. App. 1978) .......................................5

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) .............4

*Johnson v. State*, 4 S.W.3d 254 (Tex. Crim. App. 1999) ..........................................5

*King v. State*, 895 S.W.2d 701 (Tex. Crim. App. 1995) ...........................................4

*Rodriguez v. State*, 408 S.W.3d 628 (Tex. App.—Austin 2013) .............................5


Constitutions, Rules, Statutes

TEX. PENAL CODE § 19.03(b)(3) (Vernon 2010) .....................................................4

TEX. R. APP. PROC. 66.3(a) ......................................................................................3

# NO. PD-1598-14

IN THE

## COURT OF CRIMINAL APPEALS

**OF TEXAS**
**AUSTIN, TEXAS**

---

## AUSTIN CRAWFORD,
### APPELLANT

## V.

## THE STATE OF TEXAS,
### APPELLEE

---

## APPELLANT'S PETITION FOR
## DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

NOW COMES, Appellant in this cause, by and through his attorney of record, DAVID A. PEARSON, IV, and, pursuant to the provisions of Tex.R.App.Pro. 66 *et*. *seq*. moves this Court to grant discretionary review, and would show the Court as follows:

**1| Austin Crawford v. State of Texas; PD-1598-14**

## STATEMENT REGARDING ORAL ARGUMENT

In the event this petition is granted, the Appellant does not believe oral argument would be necessary to the Court's consideration of the issue in this case.

## STATEMENT OF THE CASE

The Appellant was charged by a three-count indictment with capital murder, felony murder, and injury to a child. (C. R. 7-8) The jury found the Appellant guilty of felony murder and based upon their sentencing verdict the trial court assessed the punishment at Life in the Texas Department of Criminal Justice – Institutional Division. (4 R. R. 70) (5 R. R. 69-71) (C. R. 155, 172-74) The trial court certified that the Appellant had the right to appeal. (C. R. 177) Appellant timely filed notice of appeal on 14 August 2013. (C. R. 178)

## STATEMENT OF PROCEDURAL HISTORY

In an unpublished opinion dated 13 November 2014, the Court of Appeals affirmed the judgment of the trial court. *Austin Crawford v. State*, No. 02-13-00391 (Tex. App.—Fort Worth, November 13, 2014). Neither party filed a motion for rehearing. Pursuant to one extension granted by this Court, the

Appellant's Petition for Discretionary Review is timely if filed on or before 14 January 2015.

# GROUNDS FOR REVIEW

*GROUND FOR REVIEW ONE*:

Whether the Court of Appeals wrongly decided that the evidence was legally sufficient to support the finding that Appellant committed an act clearly dangerous to human life. (entire record)

# POINTS, ARGUMENTS, AND AUTHORITIES

This Honorable Court should grant discretionary review, because the Court of Appeals' decision in this case conflicts with another court of appeals' decision on the same issue. *Garcia v. State*, 16 S.W.3d 401 (Tex. App.—El Paso 2000, pet. ref'd). TEX. R. APP. PROC. 66.3(a)

I. Legal Insufficiency.

The jury acquitted Mr. Crawford of capital murder, and instead convicted him of Count 2—felony murder. (C. R. 155, 172-176)

The Court of Appeals determined that viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential

elements of the offense of felony murder beyond a reasonable doubt. (Opinion, p. 10)

The standard on appeal for measuring the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). The *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

In a prosecution for felony murder, the State must prove and the jury must find that the defendant "commits or attempts to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual." TEX. PENAL CODE § 19.03(b)(3) (Vernon 2010).

Under the felony murder rule the underlying felony supplies the culpable mental state—the felony murder rule "dispenses with the necessity of proving

mens rea accompanying the homicide itself." *Johnson v. State*, 4 S.W.3d 254, 255 (Tex. Crim. App. 1999).

The only felony expressly excluded from felony offenses that may serve as the underlying felony is manslaughter. *Rodriguez v. State*, 408 S.W.3d 628 (Tex. App.—Austin 2013). "Despite the plain language, we have interpreted section 19.02(b)(3) as exempting from the felony murder not only manslaughter, but also lesser included offenses of manslaughter." *Johnson v. State*, 4 S.W.3d at 255. In *Garrett v. State*, 573 S.W.2d 543 (Tex. Crim. App. 1978), the Court of Criminal Appeals held that the felony murder doctrine did not apply where the underlying felony was an assault that was inherent in the felony. The *Garrett* Court stated, "There must be a showing of felonious criminal conduct other than the assault causing the homicide." *Id.* at 546. *Garrett* was limited to its facts by the Court of Criminal Appeals in *Johnson, above*.

In *Garcia v. State*, 16 S.W.3d 401 (Tex. App.—El Paso 2000, pet. ref'd), the evidence was sufficient to support the capital murder conviction involving the death of a child. While the child's mother was at work and the appellant was alone with the child, the child was rushed to the hospital, not breathing and with no pulse. The Court of Appeals noted that Texas case law is replete with holdings that "when an adult has had sole access to a child at the time its injuries are

sustained, the evidence is sufficient to support a conviction for injury to a child, or murder if the child dies." *Id*. at 405.

"[I]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, then a reasonable jury must necessarily entertain a reasonable doubt. " *Clark v. Procunier*, 755 F.2d 394, 396 (5th Cir. 1985).


II.  Application to the Record.

The evidence was insufficient in this case because the evidence failed to show that Mr. Crawford was the adult with sole access to the child.  Ms. Cushman went to work on December 29, 2011.  (3 R. R. 86)  Ms. Cushman took photos of her daughter on December 29 and there was no bruising on her face.  (3 R. R. 88-89)  She put the child down to sleep, and then Ms. Cushman smoked marijuana before going to work.  (3 R. R. 90)  Ms. Cushman smoked marijuana with Mr. Crawford.  (3 R. R. 91)  Ms. Cushman drove around with her uncle to smoke pot.  When Ms. Cushman got home, she looked at her child and noticed that she was breathing.   From that point on Ms. Cushman was also with the child.   Mr. Crawford was not an adult with sole access to the child.  Ms. Cushman was at the

home when emergency response personnel were dispatched to the home. (3 R. R. 28)

Mr. Crawford told Ms. Cushman when he got up that he had given the child a bottle. Ms. Kushman went to bed. She, Mr. Crawford, and Kaylee slept in the same room. (3 R. R. 96) In the morning, Ms. Cushman awoke to Mr. Crawford saying that Kaylee was blue. Ms. Cushman started trying to help her. Ms. Cushman had some training as a medical assistant. (3 R. R. 97) Ms. Cushman smoked marijuana before going to work. (3 R. R. 90) She smoked marijuana with Mr. Crawford. (3 R. R. 91) It was common for Ms. Cushman to consume alcohol during her shift. That night, she drank 4-5 beers. Her shift ended at 2 a.m., and her uncle picked her up between 2:30 – 2:45 a.m. (3 R. R. 93) Ms. Cushman drove around with her uncle to smoke pot. When Ms. Cushman got home, she looked at her child and noticed that she was breathing.

The evidence does not single out Mr. Crawford as the adult with sole access to the child at the time her injuries were sustained. When Ms. Cushman returned home, admittedly with alcohol and marijuana in her system, she indicated that the child was breathing fine.

For all of the above reasons, and because the Court of Appeals has decided case that conflicts with another court of appeals' decision on the same issue, this

Honorable Court should grant discretionary review.

## PRAYER FOR RELIEF

*WHEREFORE, PREMISES CONSIDERED*, Petitioner respectfully prays that the Court of Criminal Appeals grant this Petition for Discretionary Review, that the case be set for submission to the Court of Criminal Appeals; that after submission, the case be remanded to the Court of Appeals for proper review; or, in the alternative be reversed, and the cause be remanded for a new trial.

Respectfully submitted,

DAVID A. PEARSON, P.L.L.C.

By: _____
David A. Pearson, IV
Attorney for Appellant
222 W. Exchange Ave., Ste. 103
Fort Worth, Texas 76164
(817) 625-8081
FAX (817) 625-8038
State of Texas Bar Card
Number 15690465
*david@lawbydap.com*

## CERTIFICATE OF SERVICE

I hereby certify, by affixing my signature above, that upon submission for filing a true and correct copy of the foregoing PETITION FOR DISCRETIONARY

**8| Austin Crawford v. State of Texas; PD-1598-14**

REVIEW was e-served to Hon. Charles M. Mallin, Assistant District Attorney, Appellate Section, Tarrant County District Attorney's Office at CCAAppellateAlerts@TarrantCounty.com and was e-served to Hon. Lisa C. McMinn, State Prosecuting Attorney at information@spa.texas.gov, and a file-stamped copy will be served by U.S. mail to the Appellant, Austin Crawford, TDCJ# 01876191, Allred Unit, 2101 FM 369 North, Iowa Park, TX 76367.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the typeface requirements (14-point for text and 12-point for footnotes) and word-count requirements of Tex. R. App. P. 9.4(i)(2)(B), containing 2,066  words, including/~~excluding~~ the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, and certificate of compliance. Signed on this the 21st day of January 2015.

_____
David A. Pearson, IV

**9| Austin Crawford v. State of Texas; PD-1598-14**

# APPENDIX



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00391-CR

AUSTIN CRAWFORD                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                      STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1265884D

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Austin Crawford guilty of murder and thereafter assessed his punishment at life in the penitentiary. In one point of error, Appellant asserts the evidence is insufficient to support his conviction. We reform the judgment to correct clerical errors, and, as reformed, we affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**The Indictment**

The indictment contains three counts. The State was not, however, seeking three convictions. Rather, the State was seeking one conviction within a spectrum of possible offenses. The jury charge confirms the State was seeking but one conviction notwithstanding the three counts.

In the first count of the indictment, the State alleged that on or about December 30, 2011, in Tarrant County, Appellant intentionally or knowingly caused the death of K.M. by shaking her with his hands and/or by striking her with or against a hard surface, and K.M. was then an individual under ten years of age. The State alleged the offense of capital murder. *See* Tex. Penal Code Ann. § 19.02(b)(1) (West 2011) (identifying elements of murder); *id.* § 19.03(a)(8) (West Supp. 2014) (identifying victim under age of ten as a factor elevating murder into a capital murder offense). The offense was a capital felony. *See id.* § 19.03(b). The State waived the death penalty. If convicted the punishment was, therefore, life without parole. *Id.* § 12.31(a)(2) (West Supp. 2014).[2]

In count two, the State alleged that on or about December 30, 2011, in Tarrant County, Appellant intentionally or knowingly committed or attempted to commit an act clearly dangerous to human life, namely, shaking K.M. with his hands and/or striking K.M. with or against a hard surface, which caused the

_____

[2]Section 12.31 was amended effective July 22, 2013. Act of July 11, 2013, 83rd Leg., 2nd C.S., ch. 2, §§ 1, 3, 2013 Tex. Sess. Law Serv. 4802 (West). The amendments do not affect this case.

2

death of K.M., and Appellant was then in the course or immediate flight from the commission or attempted commission of the offense of injury to a child, a felony. The State alleged the offense of murder. *See* Tex. Penal Code Ann. § 19.02(b)(3).[3] The offense is a first degree felony. *Id.* § 19.02(c). First degree felonies are punishable by imprisonment for life or for any term of not more than ninety-nine years or less than five years and a fine not to exceed $10,000. *Id.* § 12.32 (West 2011).

Regarding count two, an offense under section 19.02(b)(3) of the Texas Penal Code is referred to as a "felony murder." *Fuentes v. State*, 991 S.W.2d 267, 272 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999). Felony murder is an unintentional murder committed while committing a felony. *Threadgill v. State*, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004). To be entitled to an instruction on felony murder, there must be some evidence permitting a jury rationally to find the defendant had intended to commit the underlying felony but not to cause the death of the victim. *Id.*

In the third count, the State alleged that on or about December 30, 2011, in Tarrant County, Appellant knowingly caused serious bodily injury to K.M., a child younger than fifteen years of age by shaking K.M. with his hands or by striking K.M. with or against a hard surface. The State alleged the offense of injury to a

---

[3]Felony murder does not require a culpable mental state. Tex. Penal Code Ann. § 19.02(b)(3); *Lomax v. State*, 233 S.W.3d 302, 305 (Tex. Crim. App. 2007). Both the indictment and the jury charge, however, required the intentional or knowing commission of an act clearly dangerous to human life.

3

child.  *See* Tex. Penal Code Ann. § 22.04(a)(1) (West Supp. 2014).  As alleged, the offense is a first degree felony.  *Id.* § 22.04(e).

The State also alleged two deadly weapon notices, one for Appellant's hands and one for a hard surface.  For the jury charge and parole purposes, any deadly weapon finding was irrelevant based upon the charged offenses.  Tex. Code Crim. Proc. Ann. art. 37.07, § 4(a) (West Supp. 2014);[4] *id.* art. 42.12, § 3g(a)(1)(A), (I) (West Supp. 2014).[5]  Because the jury found Appellant guilty of one of the charged offenses, the deadly weapon paragraphs were moot.  The judgment reflects any deadly weapon finding was not applicable.

### The Evidence and the Verdict

Corporal Barry Watson, one of the police officers who responded to the EMS medical call, determined the emergency medical staff was working on a baby, K.M.  He testified that Appellant said multiple times that it was his fault.  Corporal Watson related that Appellant told him that Appellant was K.M.'s caretaker the evening before.  Another officer at the scene, Timothy Dillon, said he overheard Appellant tell K.M.'s mother that he was sorry and that he thought it was odd K.M. had not awakened him during the night with her cries.

---

[4]Section 37.07 was amended effective September 1, 2013.  Act of May 25, 2013, 83rd Leg., R.S., ch. 1325, §§ 1, 8, 2013 Tex. Sess. Law Serv. 3516 (West).  The amendments do not affect this case.

[5]Section 42.12 was amended effective September 1, 2013.  Act of May 9, 2013, 83rd Leg., R.S., ch.126, §§ 1, 4, 2013 Tex. Sess. Law Serv. 522 (West).  The amendments do not affect this case.

K.M.'s mother, K.C., said K.M. was ten months old in December 2011. K.M. was K.C.'s daughter from a previous relationship. K.C. started dating Appellant in July 2011 and eventually they moved in together. K.C. was a stripper, and while she worked either Appellant or K.M.'s grandmother, J.C., watched K.M. Her shift generally started at 7:00 p.m. K.C. said she took photos of K.M. on December 29, 2011, and K.M. had no bruising on her face at that time. K.C. said she went to work on December 29, 2011. Her shift ended at 2:00 a.m., and her uncle picked her up between 2:30 and 2:45 a.m., after which she and he drove around and smoked pot, and when she got home, she said K.M. was still breathing and Appellant was in bed. She said Appellant got up and, within a few minutes, went to the bathroom where he got sick and threw up. K.C. did not know when she went to bed, but she thought it was after 4:00 a.m. Appellant, K.C., and K.M. all slept in the same room. K.C. said she awoke later that morning hearing Appellant saying K.M. was blue. K.C. went next door to call 911 because she could not find her phone and then returned to administer CPR. K.C. said she later overheard Appellant tell one of the detectives that Appellant had shaken K.M. K.C. was with K.M. when K.M. passed away at Cook Children's Medical Center.

The doctor who treated K.M. in the pediatric ICU at Cook Children's Hospital on December 30, 2011, said K.M. had a cardiopulmonary arrest, which meant she was not breathing and her heart was not pumping. She also had a subdural hemorrhage, that is, bleeding between the skull and the brain. K.M.

5

additionally had retinal hemorrhages and retinoschisis. Retinal hemorrhages are bleedings in the back of the eyes. Retinoschisis is a more severe case of retinal hemorrhages that the doctor described as a type of retinal detachment. The medical team was not able to save K.M. The doctor said K.M.'s injuries were consistent with someone shaking her violently or striking her, and he characterized the injuries as non-accidental trauma.

James Jackson, an officer who responded to the 911 call and followed K.M., K.C., and Appellant to Cook Children's Hospital, testified he heard Appellant telling people it was his fault without specifying why it was his fault. Officer Jackson said he also overheard Appellant tell Detective Byron Stewart that he had shaken the child, thrown her onto the couch, and later found her not breathing.

Detective Stewart testified he was in the family room at the hospital when Appellant told him he shook the child and she passed out. When K.C. heard this, she became upset and left the room. Detective Stewart testified Appellant said he did not mean to do it. Appellant was arrested for injury to a child and transported to the city jail. Detective Stewart, after advising Appellant of his rights, later interviewed Appellant, and the videotape of the interview was admitted and played to the jury. Appellant stated he hurt a little girl and admitted shaking her because she would not stop crying.

The chief medical examiner who reviewed the completed autopsy said K.M. had bruising around both ears and on her right forehead, upper forehead,

6

and right jaw. The chief medical examiner said all the bruised areas indicated separate and distinct blows to the child's head. He said K.M. had four to five impact points on her face. The chief medical examiner indicated that with such injuries young children experience traumatic brain swelling and likely experience a cardiovascular phenomenon that causes blood pressure to drop, and then the rest of the body shuts down. The chief medical examiner summarized that there was evidence of blunt head trauma with blunt head contact. He said K.M. was struck or was caused to strike against something, but there was no way to know what object was used. He said the object did not have to be a hard surface and could even be a relatively soft object, such as furniture or a mattress. He concluded that the cause of death was blunt trauma to the head or brain due to an assault, and the manner of death was homicide.

After the close of the evidence, the State argued for a capital murder conviction. Appellant argued K.M.'s death was tragic, but he committed no offense. The jury found Appellant guilty of felony murder.

## Sufficiency Challenge

In a single point of error, Appellant argues the evidence was insufficient to support the finding that he committed an act clearly dangerous to human life. Appellant maintains the evidence does not single him out as the perpetrator because K.C. also had access to K.M. Citing *Garcia v. State*, Appellant appears to argue sole possession was a prerequisite to a conviction. 16 S.W.3d 401, 405 (Tex. App.—El Paso 2000, pet. ref'd).

7

The court in *Garcia* wrote that when an adult had sole access to a child at the time the child sustained injuries, the evidence is sufficient to support a conviction for injury to a child or, if the child dies, murder. *Id.* *Garcia* does not, however, make sole possession a prerequisite to a conviction. In *Garcia*, the evidence showed the defendant was alone with the child at the time the child was injured. *Id.* at 406. The evidence also included the defendant's admission he shook and struck the child. *Id.* Sole possession of the child at the time the child sustained her injuries was but one of the incriminating factors in *Garcia.*

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011). The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Winfrey*, 393 S.W.3d at 768. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.

Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *see Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Temple*, 390 S.W.3d at 360.

The State argues, and we agree, that Appellant is essentially arguing an "outstanding reasonable hypothesis of innocence" construct. We also agree with the State that the Texas Court of Criminal Appeals has disavowed this construct when performing a sufficiency review. *Geesa v. State* 820 S.W.2d 154, 160–61 (Tex. Crim. App. 1991), *overruled on other grounds by Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (rejecting "beyond a reasonable doubt" instruction required by *Geesa*). It is not the State's burden to exclude every conceivable alternative to a defendant's guilt, and simply because a defendant can argue a different version of the events does not render the evidence insufficient. *Temple*, 390 S.W.3d at 363.

Although K.C. was present during the early morning hours, there was no evidence suggesting K.C. did anything to harm K.M. Conversely, there was evidence showing that, at a minimum, Appellant shook K.M., which Appellant admitted, and other evidence showing blunt force trauma. Appellant's videotaped interview with the detective was admitted and played for the jury.

9

During his interview, Appellant acknowledged he hurt K.M. Appellant said K.M. woke up screaming "bloody murder" and would not stop. Appellant said because she would not stop crying, he shook her a little and put her on the couch. Appellant acknowledged it happened around 11:00 p.m. while K.C. was gone. Appellant demonstrated for the detective and, effectively, for the jury how he shook K.M. Appellant said he set her on the couch, and she went back to sleep. He said K.M. woke up again around 3:00 a.m. K.C. did not come home until about 4:00 a.m. Appellant said he did not mean to do it, and he knew what he did was wrong. Throughout the interview, Appellant was visibly despondent. Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found the essential elements of the offense of felony murder beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. The jury's finding that he was the perpetrator was not a determination so outrageous that no rational juror could agree. *See Temple*, 390 S.W.3d at 363. We overrule Appellant's point of error.

### Clerical Error

While reviewing the record, we noted clerical errors. The judgment, under the section titled, "Offense for which Defendant Convicted," reflects: "Murder (Lesser included offense of Count One.)" Under the portion for "Statute for Offense," the judgment provides: "19.02(b)(1) PC." If the jury had convicted Appellant of intentionally or knowingly causing the death of K.M. by shaking her with his hands and/or by striking her with or against a hard surface but further

10

found K.M. was not a child under ten, these two portions of the judgment would be correct. *See* Tex. Penal Code Ann. § 19.02(b)(1). That, however, was not what the jury convicted Appellant of. The jury convicted Appellant of felony murder under count two as authorized under section 19.02(b)(3) of the Texas Penal Code, that is, while committing a felony (in this instance the felony of injury to a child), Appellant committed an act clearly dangerous to human life that caused the death of K.M. *Id.* § 19.02(b)(3).

Appellate courts have the power to correct and reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so or to make any appropriate order as the law and the nature of the case may require. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). When a judgment improperly reflects the findings of the jury, the proper remedy is the reformation of the judgment. *Id.* Appellate courts have the power to reform incorrect judgments. *Id.* They have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Id.* The authority of an appellate court to correct a judgment is not dependent on the request of any party, and, similarly, the power is not dependent on whether a party has objected in the trial court. *Id.* at 529–30. An appellate court may act sua sponte and may have the duty to do so. *Id.* at 530.

Because the jury convicted Appellant under count two, we delete the portion of the judgment that provides, "Murder (Lesser Included Offense Of

11

Count One)," and reform the judgment to provide in its place, "Murder (Count Two)." Similarly, because the jury convicted Appellant pursuant to section 19.02(b)(3) of the Texas Penal Code, we delete the portion of the judgment that provides, "19.02(b)(1) PC," and reform the judgment to provide, in its place, "19.02(b)(3) PC."

## Conclusion

Having overruled Appellant's sole point of error and having reformed the judgment to correct clerical errors, we affirm the trial court's judgment as modified.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 13, 2014

12